UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL LUCIDO,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. LEGAL SUPPORT, INC., et al.,<br><br>        Defendants. | 23-CV-1389 (DEH)<br><br>**OPINION & ORDER** |

DALE E. HO, United States District Judge:

On January 30, 2024, Defendants U.S. Legal Support, Inc. and Charles Schugart (collectively, "Defendants") filed a motion, pursuant to Fed. R. Civ. P. 17(c) ("Rule 17(c)"), to appoint Sherri Schugart ("Mrs. Schugart") as guardian *ad litem* for Charles Schugart ("Mr. Schugart"). ECF Nos. 42, 43. On February 1, 2024, Plaintiff indicated that he would not oppose the motion, Joint Letter, ECF No. 45, and the deadline for Plaintiff to file an opposition has now passed. *See* Local Civ. R. S.D.N.Y. 6.1(b). For the reasons discussed herein, Defendants' motion is GRANTED.

## BACKGROUND

Mr. Schugart has Early-Onset Alzheimer's Disease and, as a result, lacks the ability to manage his own affairs, requiring the assistance of family members to engage in major life activities. *See* Schugart Decl. ¶¶ 3, 5, 12, ECF No. 42-1. Mr. Schugart is currently under the care of a leading cognitive neurology physician who directs the Nantz Alzheimer Center at the Houston Methodist Neurological Institute in Houston, Texas. *See id.* ¶¶ 4, 11. Correspondence with Mr. Schugart's physician has been filed under seal in this case, in support of Mrs. Schugart's declaration. Sealed Exs., ECF No. 44. Mrs. Schugart, who has been married to Mr. Schugart for nearly 30 years and attended Mr. Schugart's neurological consultations with his

physician, attests that Mr. Schugart "is not mentally competent to comprehend his rights in this action." Schugart Decl. ¶¶ 1, 4, 6, 11. Mrs. Schugart further submits that given the circumstances, she is "wholeheartedly ready and willing to serve as [her] husband's guardian *ad litem* in this matter." *Id.* ¶ 3.

## LEGAL STANDARDS

Rule 17(c) of the Federal Rules of Civil Procedure provides "in relevant part, that '[t]he court shall appoint a guardian *ad litem* for an . . . incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the . . . incompetent person.'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 200 (2d Cir. 2003) (quoting Fed. R. Civ. P. 17(c)). It is proper for the protection of an incompetent person to appoint a guardian *ad litem* where a party is unable to represent his interests in court proceedings. *See, e.g.*, *Cruz v. Lee*, 14 Civ. 4870 (NSR), 2023 WL 7384639, at *3 (S.D.N.Y. Nov. 8, 2023); *Blatch v. Franco*, No. 97 Civ. 3918 (DC), 1998 WL 265132, at *9 (S.D.N.Y. May 26, 1998). An individual's competence to defend his rights in court proceedings is determined by the law of the individual's domicile. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Mr. Schugart's domicile is in Texas. Mem. of Law in Supp. of Mot. to Appoint Guardian *Ad Litem* 4, ECF No. 43. Under Texas law, the standard for competency "is whether individuals, 'by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation.'" *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citing *Lindly v. Lindly*, 113 S.W. 750, 752 (Tex. 1908)).

When presented with sufficient evidence to establish the mental incompetency of the litigant at issue, a court may appoint a guardian *ad litem* without holding a Rule 17(c) hearing. *See, e.g.*, *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999) (finding that "there

2

would be little probable value to [holding] a formal, adversary hearing" where the record was sufficiently robust). Before so granting, and in order to protect the litigant's due process and liberty interests, the Court must "weigh (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that interest through the procedures used, and the probable value of additional or different procedural safeguards; and (3) the government's interest." *Cruz*, 2023 WL 7384639, at *1 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976) ("*Eldridge* analysis").

## DISCUSSION

Each factor of the *Eldridge* analysis weighs in favor of granting Defendants' motion. Regarding the first prong of the analysis, Defendants have presented a declaration from Mr. Schugart's wife of 30 years representing that "due to Mr. Schugart's medical condition [(i.e., Alzheimer's Disease)], he lacks the ability to manage his own affairs and [] need[s] the assistance of family members [including Mrs. Schugart] in connection with major life activities." *See* Schugart Decl. ¶¶ 10-12. In support of Mrs. Schugart's representations, Defendants have filed under seal correspondence with Mr. Schugart's physician regarding Mr. Schugart's condition. "The sum of this evidence satisfies [Defendants'] burden in proving [Mr. Schugart is] in need of [a] guardian[] in this action." *Bowen v. Rubin*, 213 F. Supp. 2d 220, 224 (E.D.N.Y. 2001). As to the second *Eldridge* prong, the Court finds that "a hearing would . . . have little effect on the outcome" of its decision, *Cruz*, 2023 WL 7384639, at *2, particularly given that the motion is unopposed and Plaintiff is unlikely to present evidence at a future proceeding. Any enforced procedural safeguard thus "would only waste time and resources" for the parties and the Court. *Bowen*, 213 F. Supp. 2d at 225. Finally, the government's interest is satisfied here, as the

3

Court will uphold its "continuing obligation to monitor and assess the work of the proposed guardian[]." *Id.*

The Court concludes that Defendants have sufficiently shown that Mr. Schugart's current cognitive state has rendered him incapable of properly caring for his own interests in the suit, *see Magallon*, 453 F.3d at 271; that Mr. Schugart's interests in this litigation would be best served by the appointment of a guardian *ad litem*; that Mr. Schugart's wife of 30 years would be suitable for this role; and that no Rule 17 hearing is required to make these determinations. The Court "bears ultimate responsibility for determinations made on behalf of a party represented by a guardian *ad litem*," *Bowen*, 213 F. Supp. 2d at 225, and as such, it will "assiduously monitor the guardian's actions to ensure that [Mr. Schugart's] best interests are served by this appointment." *Cruz*, 2023 WL 7384639, at *3.

## CONCLUSION

For the reasons discussed herein, Defendants' Motion to Appoint a Guardian *Ad Litem* is GRANTED. The Clerk of Court is respectfully requested to terminate ECF No. 42.

SO ORDERED.

Dated: February 20, 2024
New York, New York

_____
DALE E. HO
United States District Judge